IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM LEE MITCHELL, II, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-cv-087 |
| | § | |
| PAUL JOHNSON, | § | |
|     Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO REMAND

Before the court is Defendant's Motion to Dismiss and in the Alternative to Remand and Brief in Support (docket entry # 17). Having considered the motion and the responsive briefing thereto, the court is of the opinion that the motion should be **GRANTED**.

### I. BACKGROUND

This matter is before the court as a result of Defendant's removal of this case in accordance with 28 U.S.C. § 1441 and 28 U.S.C. § 1446. (Pl.'s Second Am. Compl. 1-2.) The Defendant now moves to dismiss, or alternatively to remand, this action back to the state court from which the Defendant himself removed it.

In February of 2006, Paul Johnson ("Defendant"), as part of his campaign for the office of Denton County District Attorney, distributed certain mailings containing William Mitchell's ("Plaintiff") picture. (*Id*. at 3.) The cards mailed to local voters contained thinly-veiled accusations that Plaintiff bribed the then-incumbent District Attorney to drop charges against the Plaintiff for driving while intoxicated. (*Id*.) Plaintiff asserts that these representations are false and that he was in fact convicted of the DWI offense. (*Id*. at 3.) On February 22, 2006, Plaintiff filed an action in the 158th District Court in Denton County alleging claims for defamation and appropriation. (Def.'s Notice of Removal, Ex. 2.) Defendant removed the case to this court on

February 27, 2006.  (*Id*. at 1.)  Defendant was successful in his bid for the office of Denton County District Attorney.  (Pl.'s Second Am. Compl. 5.)

After Plaintiff filed his suit, Plaintiff began to receive "threats from individuals aligned with Johnson" indicating that he should dismiss his defamation claims against Defendant.  (*Id*.) Among those threats was a representation by Defendant's attorney that, in retaliation for Plaintiff's defamation suit, Defendant would allege that Plaintiff had committed family violence. (*Id*.)  Defendant proceeded to file a motion in a separate state court action to unseal an expunged allegation that Plaintiff had committed an act of family violence.  (*Id*.)  Plaintiff further alleges that Defendant called a meeting of various acquaintances to concoct a scheme to pressure Plaintiff to dismiss this lawsuit.  (*Id*. at 7.)  It appears that the plan revolved around a representation by Rickey Perritt, a former law partner of Defendant, that he would represent Plaintiff in the expunction matter for free if Plaintiff agreed to dismiss this lawsuit.  (*Id*.) Plaintiff refused the offer, and this suit remains pending.  (*Id*. at 8.)

## II.  LEGAL STANDARD

District courts may dismiss an action *sua sponte* under Rule 12(b)(6) "as long as the procedure is fair."  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 301 (2d ed. 1990)); *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991).  Generally, a court must give notice to the parties before dismissing a claim on its own 12(b)(6) motion.  *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007).  However, where a plaintiff has stated his "best case," or where the dismissal is without prejudice, pre-dismissal notice is not necessarily required.  *Id.*  In passing on a 12(b)(6) motion, a court must accept all of the

plaintiff's allegations as true, *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005), and "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1969 (2007). In other words, a claim may not be dismissed based on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at n.8.

The question of whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because the plaintiff is the "master of the claim," he or she may bring or avoid bringing federal claims. *Id*. Thus, a plaintiff may rely solely on state law to avoid federal question jurisdiction. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).[1]

Three exceptions to the well-pleaded complaint rule exist. *Halfmann v. USAG Ins. Servs., Inc.*, 118 F. Supp. 2d 714, 717 (N.D. Tex. 2000). First, a state law claim may be totally preempted by federal law. *Id*. If complete preemption exists, removal is proper. *Id*. at 718. Second, removal is proper if a plaintiff's complaint includes or involves a substantial question of federal law. *Id*. at 721. Incidental federal issues, however, are insufficient. *Id*. Third, under the artful pleading doctrine, removal is proper if a plaintiff attempts in bad faith to disguise a federal claim as a state claim. *Id*. at 722. Moreover, the court has an affirmative duty to raise the issues

---

[1] Thus, the defendant may not remove a case to federal court on the basis of a federal claim that the plaintiff could have asserted or on the basis of a federal defense that the defendant might assert. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

regarding subject matter jurisdiction, *sua sponte*, whenever a problem with subject matter jurisdiction is perceived. *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 652 n.1 (5th Cir. 2005).

### III.  DISCUSSION AND ANALYSIS

#### A.  Plaintiff's Section 1985(2) Claim

Plaintiff's Second Amended Complaint filed May 30, 2007 asserts one federal cause of action along with pendant state law claims for defamation and appropriation.  Regarding the federal claim, the Plaintiff avers that the actions attributed to Defendant subsequent to the removal of this lawsuit amount to a conspiracy to deter his attendance at a proceeding in a court of the United States in violation of 42 U.S.C. § 1985(2).  In relevant part, Section 1985(2) gives an aggrieved person a private cause of action for damages if:

> two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified

42 U.S.C. § 1985(2) (2006).  District courts are given original jurisdiction to hear claims made pursuant to Section 1985.  28 U.S.C. § 1343(a)(1) (2006).  In order to state a claim under Section 1985(2), a plaintiff must allege "conspiratorial conduct that directly affects or attempts to affect parties, witnesses or jurors in a federal court."  *McLean v. International Harvester Co.*, 817 F.2d 1214, 1218 (5th Cir. 1987).

Plaintiff alleges that the scheme launched by Defendant to pressure Plaintiff into dismissing this lawsuit amounts to such a conspiracy.  (Pl.'s Second Am. Compl. 9.)  Assuming,

*arguendo*, that the plan arose out of a conspiracy, it does not meet the statutory requirement that Plaintiff was deterred from attending any court proceeding by "force, intimidation, or threat." 42 U.S.C.§ 1985(2) (2006). While the alleged arrangement may have been nefarious and dishonorable, such characteristics do not implicate the text of Section 1985(2). Merely attempting to persuade the Plaintiff to dismiss his case, even if by deceit, does not rise to the level of "force, intimidation, or threat" contemplated by Section 1985(2). *Id*. This conclusion is strengthened when considering the purpose of Section 1985(2). The Fifth Circuit Court of Appeals has stated the statute's purpose as the "insulat[ion of] witnesses, parties, and grand or petit jurors from conspiracies to pressure or intimidate them in the performance of their duties." *Nealy v. Hamilton*, 837 F.2d 210, 214 (5th Cir. 1988) (quoting *Brawer v. Horowitz*, 535 F.2d 830 (3rd Cir. 1976)). It is clear, therefore, that the alleged scheme to persuade Plaintiff to dismiss this case is not of the sort that falls within the ambit of Section 1985(2).

Moreover, the allegation that Defendant's lawyer assured Plaintiff that this lawsuit would lead to accusations of family violence does not appear to qualify as a "threat" for purposes of Section 1985(2). In *Deubert v. Gulf Federal Savings Bank*, the Fifth Circuit Court of Appeals considered an appeal of a Rule 12(b)(6) dismissal of a Section 1985(2) claim. *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754 (5th Cir. 1987). There, the plaintiffs sued their employer after the employer took adverse actions against the plaintiffs because the plaintiffs reported a supervisor for questionable banking practices. *Id*. at 756. The court, in upholding the dismissal, stated that "alleged retaliation for attempting to file a federal lawsuit or even for actually filing such a lawsuit is insufficient to state a claim under 1985(2)." *Id*. (internal quotation marks omitted). In the instant case, Plaintiff's allegation that Defendant abused his office in initiating an action to

unseal allegations that Plaintiff committed family violence must be characterized as retaliation. The circumstances strongly indicate that that proceeding was initiated in response to and to create a strong incentive for Plaintiff to dismiss this lawsuit. The retaliatory nature of that action, even assuming that it is the result of a conspiracy, prevents this court from considering it as the basis for a Section 1985(2) claim. *Deubert*, 820 F.2d at 758. Thus, there are no "facts consistent with the allegations in the complaint" to support Plaintiff's Section 1985(2) claim, *Bell Atlantic*, 127 S.Ct. at 1969, warranting its dismissal.

Next at issue is whether this court must first notify the Plaintiff before acting on its 12(b)(6) motion. *See Bazrowx,* 136 F.3d at 1054. The Fifth Circuit Court of Appeals has held that, at some point, a court may determine that "a plaintiff has had fair opportunity to make his case," and if, at that time, the claim is not established, the suit should be dismissed. *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986). In *Hermann Holdings, Ltd. v. Lucent Techs., Inc.*, the court upheld a dismissal on Rule 12(b)(6) grounds where the district court denied the plaintiff's motion for leave to amend its complaint. *Hermann Holdings, Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 567 (5th Cir. 2002). The court noted that the plaintiff had filed two amended complaints and was "given ample opportunity" to set out its claims. *Id*. In the instant case, Plaintiff has filed two amended complaints. Moreover, this matter has been before the court for eighteen months. Plaintiff has had more than sufficient time to properly allege a claim under Section 1985(2). As discussed above, Plaintiff has failed to do so. The court finds no reason to allow Plaintiff an opportunity to again amend his complaint to state a Section 1985(2) claim. Further buttressing this analysis is the fact that the defamation claims (which certainly constitute the bulk of this controversy) arising out of the above-described transactions will have a forum for

adjudication. Plaintiff is therefore not without a remedy. *See Bazrowx*, 136 F.3d at 1054. As such, the court finds it unnecessary to provide Plaintiff with notice and an opportunity to amend his complaint before dismissing, pursuant to rule 12(b)(6), Plaintiff's claim under Section 1985(2).

### B. Plaintiff's State Law Claims

Plaintiff also asserts claims against Defendant for defamation and appropriation. (Pl.'s Second Am. Compl. 12-14.) Plaintiff avers that this court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367. (*Id*. at 2.) Section 1367 confers upon Article III courts supplemental jurisdiction to entertain claims so related to those that create original jurisdiction that they "form part of the same case or controversy." 28 U.S.C. § 1367(a)(1) (2006). Subsection (c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction

28 U.S.C. § 1367(c) (2006). The Supreme Court passed on the latitude afforded to the courts in declining to exercise supplemental jurisdiction in *United Mine Workers v. Gibbs*. There, the Court stated "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine*

*Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The Court later described exercise of this discretion not as a bright line rule, but as a balancing of "judicial economy, convenience, fairness, and comity." *Carengie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).[2] The Fifth Circuit Court of Appeals has announced a general rule that district courts should decline to exercise jurisdiction over remaining state law claims upon the dismissal of all issues arising out of federal law. *Batiste*, 179 F.3d at 227. While this rule is "neither mandatory nor absolute," dismissal of all federal claims constitutes a "powerful reason to choose not continue to exercise jurisdiction." *Id*.

The instant case presents no novel issues of state law. However, state law issues were at all times overwhelmingly predominant, and no federal law issues remain in the lawsuit. Moreover, as further indicia that this court lacks special reasons for continued adjudication of this matter, no trial date is set, and the matter has not advanced to the last pre-trial stages. *See Smith v. Amedisys, Inc.*, 298 F.3d 434, 447 (5th Cir. 2002). The court finds no other compelling circumstances warranting retention of the remaining State law claims, and mindful of the general rule in the Fifth Circuit and the guidance provided by the Supreme Court, this court, in its discretion, declines to exercise jurisdiction over the remaining State law claims pursuant to 28 U.S.C. § 1367(c).

Finally, Defendant raises certain defenses based on free speech rights granted by the First Amendment. However, it is well settled that a defendant cannot create federal question

---

[2] It should be noted that *Carnegie-Mellon* was decided before the passage of Section 1367 in 1990. However, the Fifth Circuit continues to use this framework as a guidepost by which to analyze a district court's failure to exercise its discretion to adjudicate state law claims in the absence of a basis for original jurisdiction. *Batiste v. Island Records*, 179 F.3d 217, 227 (5th Cir. 1999).

jurisdiction by raising federal defenses to state law claims. *See, e.g.*, *Aaron v. Nat'l. Union Fire Ins. Co.*, 876 F.2d 1157 (5th Cir. 1989). As such, this court is not vested with subject matter jurisdiction over the remaining claims under 28 U.S.C. § 1331.

28 U.S.C. § 1447(c) states that remand is proper "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." As discussed above, subject matter jurisdiction is lacking. Without an independent grant of subject matter jurisdiction, and declining to exercise discretion to assert jurisdiction over Plaintiff's state law claims, this court is compelled to remand this civil action.

### IV. CONCLUSION

Based on the foregoing, the court hereby **DISMISSES** Plaintiff's claim under 42 U.S.C. § 1985(2) with prejudice pursuant to Rule 12(b)(6). Further, the court hereby **REMANDS** Plaintiff's remaining causes of action to the 158th Judicial District Court of Denton County, Texas based upon the Defendant's motion and 28 U.S.C. § 1447(c). *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951) (allowing removing defendant to move for remand to state court).

IT IS SO ORDERED

**SIGNED this the 4th day of September, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE