IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **WILLIAM LEE MITCHELL, II,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-cv-087 |
| | § | |
| **PAUL JOHNSON,** | § | |
| Defendant. | § | |

## ORDER DENYING DEFENDANT'S MOTION TO VACATE, MODIFY OR RECONSIDER ORDER TO REMAND

Before the court is Defendant Paul Johnson's Motion to Vacate, Modify or Reconsider Order to Remand (de # 98) and Plaintiff William Mitchell's Response thereto (de # 99). Having considered the Motion and the Response, the court is of the opinion that Defendant's Motion should be DENIED.

Defendant argues that this court did not dispose of all of Plaintiff's federal law claims in its remand order signed on September 4, 2007. Thus, the argument proceeds, the court still has jurisdiction over the subject matter of this case, making remand improper. In particular, Defendant avers that Plaintiff has stated federal law claims under 42 U.S.C. § 1983, 18 U.S.C. § 241, 18 U.S.C. § 1961, and 42 U.S.C. § 1988. Plaintiff, in his Second Amended Complaint, simply has not even purported to assert claims under Sections 1983, 241, or 1961. The Second Amended Complaint makes not even the slightest attempt to "outline[] or adumbrate[] violation[s] of the statute[s]." *GE Capital Corp. v. Posey*, 415 F.3d 391, 397 n.6 (5th Cir. 2005) (quoting *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992) (internal quotation marks omitted). The court's order of September 4, 2007 did not address these nonexistent "claims" because they did not warrant mention. To the extent that Plaintiff's claim for attorney's fees

under 42 U.S.C. § 1988 was left open, the court is of the opinion that Plaintiff's claim should be DENIED.

The court, therefore, is of the opinion that Defendant's Motion to Vacate, Modify or Reconsider Order to Remand should be, and hereby is, DENIED

IT IS SO ORDERED

**SIGNED this the 25th day of September, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE